IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SLIPPERY ROCK AREA SCHOOL DISTRICT, individually and on behalf of those similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>TREMCO INCORPORATED, WEATHERPROOFING TECHNOLOGIES, INC., and RPM INTERNATIONAL INC.,<br><br>        Defendants. | Civil Action No.: 2:15-cv-01020-JFC<br><br>Judge Joy Flowers Conti |

**DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT, IN PART,
AND TO STRIKE ITS CLASS ALLEGATIONS**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, defendants RPM International Inc., Tremco Incorporated, and Weatherproofing Technologies, Inc. move this Court for an order dismissing the claims for negligent misrepresentation, fraudulent concealment, and negligence in and striking the class allegations of plaintiff Slippery Rock Area School District's second amended complaint (Doc. 63).  The grounds supporting this request are set forth more fully in the contemporaneously filed memorandum in support.  Summarized, these grounds include:

    1.    Despite three pleading efforts, Slippery Rock's general, group allegations continue to run afoul of the pleading requirements of Rule 8.  Slippery Rock's pleading is insufficient to inform any of the three named defendants of the wrong allegedly committed by any of them.

2.	Slippery Rock's fraudulent concealment claim fails because Slippery Rock cannot plead that it received anything other than the roofing products and/or services that it specified and paid for or that any defendant owed Slippery Rock a duty of disclosure and because Slippery Rock fails to plead this claim with the required particularity.  Count III.

3.	Slippery Rock's negligence claim fails because Slippery Rock pleads no cognizable duty or injury.  Count IV.

4.	Both of these claims also fail because they are barred by the economic loss doctrine.  Slippery Rock's negligent misrepresentation claim fails for this reason, as well.  Count II.  The economic loss doctrine precludes a tort recovery where, as here, the remedy sought sounds in contract or warranty, not tort.

5.	Slippery Rock's class allegations remain insufficient and should be stricken.  Any class proceedings would be (i) mired in individual issues of liability and damages; (ii) fraught with irreconcilable conflicts for the class representative; and (iii) anything but a superior method of resolving the pleaded dispute involving institutional roofing installations.  Sec. Am. Compl. ¶¶ 50-59.

For these reasons, the concealment, negligence, and negligent misrepresentation claims of Slippery Rock's second amended complaint, its third complaint in this action, should be dismissed with prejudice, and, in any event, its class allegations should be stricken.

An appropriate order is attached.

NAI-1500980538

Respectfully submitted,

 /s/ *James M. Jones*
Roy A. Powell (Pa. I.D. 37487)
James M. Jones  (Pa. I.D. 81295)
David M. Belczyk (Pa. I.D. 204214)
Katelyn M. Matscherz (Pa. I.D. 308922)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219
Ph:  (412) 391-3939
Fx:  (412) 394-7959
Email:  rapowell@jonesday.com
              jmjones@jonesday.com
              dbelczyk@jonesday.com
              kmatscherz@jonesday.com

Brian J. Murray  (pro hac vice)
Meghan S. Bean (pro hac vice)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL  60601-1692
Ph:  312-782-3939
Fx:  312-782-8585
Email:  bjmurray@jonesday.com
              msbean@jonesday.com

*Attorneys for Defendants*
*Tremco Incorporated, Weatherproofing*
Dated:  April 22, 2016            *Technologies, Inc., and RPM International Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2016, a true and correct copy of the foregoing document was served upon counsel of record via the ECF electronic filing system:

>  */s/ James M. Jones*
> One of the Attorneys for Defendants

NAI-1500980538